# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

TIMOTHY A. BERRY,

      *Plaintiff,*

*v.*

OTTAWA COUNTY JAIL,

      *Defendant.*

_____/

CASE NO. 16-CV-10177

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

## I.  RECOMMENDATION

For the following reasons, **IT IS RECOMMENDED** that this case be *sua sponte* **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because the complaint fails to state a claim on which relief may be granted.

## II.  REPORT

### A.  Introduction

On January 19, 2016, Plaintiff Timothy Berry, filed this *pro se* Complaint. (Doc. 1.) This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) for pretrial case management on January 27, 2016. (Doc. 5.) Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) and the application was granted.. (Docs. 2, 6.) After screening the complaint, I conclude that the case is ready for Report and Recommendation.

Defendant is the Ottawa County Jail. (Doc. 1.) Plaintiff appears to assert a federal civil rights claim under 42 U.S.C. § 1983 ("§ 1983") for violation of his due process, equal

protection, Seventh Amendment, and First Amendment rights. Plaintiff alleges that on December 28, 2015, a show cause hearing was held by the Honorable Jon A. VanAllsburg, a state circuit judge in Ottawa County, Michigan. (*Id.* at ID 4.) During the hearing, Plaintiff states that Defendant conspired with and/or aided and abetted Judge VanAllsburg by (1) denying him a trial by an impartial jury in violation of Plaintiff's Seventh Amendment right; (2) incarcerating Plaintiff and taking property from him in violation of his Fifth and Fourteenth Amendment due process rights; (3) punishing Plaintiff for expressing his religious beliefs and speech in violation of his First Amendment rights; and (4) enforcing state laws regarding child placement and custody which required Plaintiff to speak and act against his religion and violated Plaintiff's Fourteenth Amendment rights. (Doc. 1, at ID 4-5.) Plaintiff states that Defendant "was never given a written order of arrest and ignored the fact that my Constitutional Rights were being violated." (*Id.* at ID 4.) He also alleges that Judge VanAllsburg committed an act of treason by violating his oath to support the constitution and unjustly incarcerating Plaintiff. (*Id.*) For these violations, Plaintiff asks the court to vacate the December 28, 2015 order; to reimburse him for court fees, fines, legal services, transportation, travel, and preparation; and to compensate him for being unjustly jailed; and to compensate Plaintiff and United States Soldiers (in the amount of a soldier per year in Afghanistan) for Plaintiff's pain and suffering. (*Id.* at ID 6.)

The undersigned magistrate judge previously recommended the *sua sponte* dismissal of five claims filed by Plaintiff, which arise from the same circumstances and raise many of the same allegations raised in this complaint. *Berry v. Smith*, Case No. 16-cv-10293; *Berry v.*

*VanAllsbrugh,* Case No. 16-cv-10005; *Berry v. Trese,* Case No. 16-cv-10174; *Berry v. Trese*, Case No. 16-cv-10175; *Berry v. VanAllsburg*, Case No. 15-cv-14380. These cases are currently pending before District Judge Tomas L. Ludington. *Id.* In an opinion published concurrently with this opinion I address allegations raised against a sixth defendant. *Berry v. Armstrong*, Case No. 16-cv-10176. Plaintiff has also filed a complaint naming Judge Ludington as the Defendant. *Berry v. Ludington*, Case No. 16-cv-10395.

In addition, Plaintiff filed two claims naming this magistrate judge as the Defendant. *Berry v. Morris*, Case No. 16-cv-10170; Case No. 16-cv-10172. Both of these claims alleged that this magistrate judge aided and abetted Judge VanAllsburg and Attorney Dolores Trese in their conspiracy to violate his constitutional rights, thus breaking the Oath this magistrate took to support the Constitution. Case No. 16-cv-10170, ECF. No. 1; Case No. 16-cv-10172, ECF. No. 1. The basis of these claims was my recommendation to dismiss Berry's complaints against Judge VanAllsburg *sua sponte*. *Id.* These cases were dismissed on January 27, 2015, by Judge Ludington on the grounds of judicial immunity. Case No. 16-cv-10170, ECF. No. 5; Case No. 16-cv-10172, ECF. No. 5.

### B.    Recusal

28 U.S.C. § 455(a) requires a judge to disqualify "himself in any proceeding in which his impartiality might reasonably be questioned." Federal judges also abide by the Code of Conduct for United States Judges, which is a set of ethical principles and guidelines adopted by the Judicial Conference of the United States. *See* Code of Conduct for United States Judges, http://www.uscourts.gov/judges-judgeships/code-conduct-united-states-judges   (last   visited

Feb. 1, 2016). In a published advisory opinion the Committee addressed the issue of forcing

judges to recuse themselves by naming them in a lawsuit:

> A litigant with a case pending before a judge may respond to an adverse ruling by initiating a complaint against the judge. . . . A judge is not automatically disqualified from participating in other, unrelated cases involving the same litigant, whether they are filed before or after the complaint in which the judge is a defendant. Judicial immunity usually will be a complete defense against a new complaint of this nature, and the court in which the complaint is likely will dismiss it as frivolous. In such circumstances, the mere fact that a litigant has filed a new frivolous complaint against a judge based on the judge's official actions will not disqualify the judge from continuing to preside over the earlier, unrelated matter brought by the same litigant. The same holds true when a litigant who previously filed a complaint naming a judge subsequently files an unrelated case against others that is assigned to the named judge.
>
> Although there might be some question regarding the impartiality of the judge in these situations, Canon 3C(1) requires that the basis for questioning a judge's impartiality must be "reasonable" for the judge to be required to recuse. The factors the judge should consider in making the reasonableness determination are identified above, i.e., the nature of the complaint, the applicable law, and other relevant circumstances. A complaint filed against a judge that is subject to prompt dismissal on judicial immunity grounds will not ordinarily give rise to a reasonable basis to question the judge's impartiality in unrelated cases filed against others by the same litigant. Such a nonmeritorious complaint, standing alone, will not lead reasonable minds to conclude that the judge is biased against the litigant or that the judge's impartiality can reasonably be question, and thus will not require the judge to recuse.

2B *Guide to Judiciary Policy*, § 220, Advisory Opinion No. 103, at 185

http://www.uscourts.gov/rules-policies/judiciary-policies/code-conduct/published-

advisory-opinions (last visited Feb. 1, 2016).

In this case, the Plaintiff named this magistrate judge as a Defendant after I

recommended *sua sponte* dismissal of his complaints against Judge VanAllsburg. The

District Court dismissed his complaint against me on the grounds of judicial immunity.

4

The current claim arises from the same circumstances as the complaints against Judge VanAllsburg, but names a different defendant. I see no reasonable basis for concluding that I would be prejudiced or biased in my consideration of the current complaint. *See, e.g.*, *White v. Stephens*, No. 13-cv-2173-JDT/tmp, 2014 U.S. Dist. LEXIS 138876, at *10 (11th Cir. 2007) ("The rule is that a judge is not disqualified from hearing a case merely because a litigant sues or threatens to sue him or her."); *In re Bush*, 232 F. App'x 852, 854 (11th Cir. 2007) ("A judge's rulings in a related case are not a sufficient basis for recusal, except where pervasive bias is shown."); *In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005) ("[E]ven if litigation against a judge is not for the purpose of disqualification, recusal is not automatic because suits against public officials are common and a judge would likely not harbor bias against someone simply because the person named him in a meritless civil suit."). Thus I conclude that recusal is not necessary.

### C.     Screening Procedure and Standards

In enacting the original IFP statute, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). In 1996, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and that it *sua sponte* dismiss a case before service of process if it determines that the action is frivolous or

malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Federal Rule of Civil Procedure 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action, it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

D.     **Discussion**

Plaintiff's complaint does not allege a basis for federal jurisdiction other than to allege that his constitutional rights were violated. However, the relief he seeks, including attorney's fees and costs, is available under § 1983. *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). Thus I will construe this complaint as alleging a claim under § 1983. To bring a claim under § 1983 a plaintiff must allege: "(1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." *Id.* I suggest that this claim must be dismissed *sua sponte* for failure to state

a claim because Ottawa County Jail is not a "person" subject to suit under § 1983. *Latham v. Ohio Parole Bd.*, 2015 U.S. Dist. LEXIS 137207, at *6 (S.D. Ohio Sept. 16, 2015) ("A local jail or correctional facility is not a 'person' subject to suit under 42 U.S.C. § 1983.") *See, e.g.*, *Parker v. Mich. Dep't of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003) (finding Department of Corrections is not a "person" under § 1983); *Powell v. Cook Cty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (holding a jail is not a "person" under § 1983). Thus Plaintiff's claim is subject to *sua sponte* dismissal.

### F.       Warning against Filing Additional Vexatious Suits

This is the ninth case filed by Plaintiff since December 17, 2015, which has been dismissed or recommended for *sua sponte* dismissal for failure to state a claim. Each of these claims arises from the same circumstances and raises essentially the same allegations. *Berry v. Armstrong*, Case No. 16-cv-10176; *Berry v. Morris*, Case No. 16-cv-10170; *Berry v. Morris*, Case No. 16-cv-10172. *Berry v. Smith*, Case No. 16-cv-10293; *Berry v. Trese,* Case No. 16-cv-10174; *Berry v. Trese*, Case No. 16-cv-10175; *Berry v. VanAllsbrugh,* Case No. 16-cv-10005; *Berry v. VanAllsburg*, Case No. 15-cv-14380. "Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Maxberry v. SEC*, 879 F.2d 222, 224 (6th Cir. 1989) (citing *In re McDonald*, 489 U.S. 180, 184 (1989)). Continually processing Plaintiff's repetitious and groundless complaints does not promote the interests of justice. Moreover, the

fact that Plaintiff has filed ten complaints in such a short period indicates Plaintiff's intention to continue filing more suits in the future.

I recommend that Plaintiff be put on notice that this Court has the power to refuse to grant permission to proceed IFP and to enjoin a party who abuses the court system by filing groundless and vexatious litigation. *Id.*; *see Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). Accordingly, if Plaintiff's persists in pursuing frivolous and vexatious litigation in this District the court may issue an order enjoining him from filing further civil complaints without first obtaining leave of Court.

### G.    Conclusion

For the above reasons, I suggest that the Complaint should be *sua sponte* dismissed because Plaintiff has failed to state a claim upon which relief can be granted.

### III.   <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some

objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(2)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  February 12, 2016                     S/ PATRICIA T. MORRIS
                                             Patricia T. Morris
                                             United States Magistrate Judge


## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Timothy Arthur Berry at 3290 N. Meridian Road, Sanford, MI 48657.

Date: February 12, 2016                      By s/Kristen Krawczyk
                                             Case Manager to Magistrate Judge Morris